# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Ruben C.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0185** (Berkeley County 17-C-340)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ruben C.,[1] by counsel Sherman L. Lambert, Sr., appeals the January 31, 2019, order of the Circuit Court of Berkeley County denying his second petition for post-conviction habeas corpus relief.  Respondent, J.T. Binion, Superintendent, Huttonsville Correctional Center, by counsel Andrea Nease Proper, filed a response in support of the habeas court's denial of the petition for a writ of habeas corpus. On appeal, petitioner argues that the habeas court erred in denying him a writ of habeas corpus without an omnibus evidentiary hearing, and that it erred in failing to find that trial counsel's assistance was ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and the victim, M.C.-1 ("victim"), were married for seventeen years and had two children, C.C. and M.C.-2.[2] On December 14, 2011, the victim obtained a domestic violence

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Because the victim and one of the children share the same initials, we refer to them, respectively, as M.C.-1 and M.C.-2 where necessary in this memorandum decision. At the time of

1

protective order against the petitioner following an incident that occurred on December 7, 2011. The victim testified at trial that, on December 7, 2011, she was riding with petitioner in a car when she told him she wanted a divorce. She testified that he became very upset, drove her to an unknown location, hit her in the chest three times, and destroyed her glasses. Following that incident, petitioner moved out of the home.

On January 20, 2012, the victim returned to her home from a shopping trip to find petitioner waiting for her. As she entered the home, petitioner took the bags of food she was carrying and threw them on the floor. Petitioner then hit the victim in the face twice and pushed her onto the sofa while yelling at her. He forced her into the bedroom and onto the bed where he drew a knife and cord and told her numerous times that, if she did not reconcile with him, he would kill her. Ultimately, in fear for her life, the victim promised petitioner that they would reconcile. Petitioner then forcibly removed the victim's clothes and had sexual intercourse with her while the knife and cord remained on the bed within petitioner's reach.

Later that day, the children returned from school. When C.C. arrived home, he was surprised to see petitioner there because he had previously moved out. C.C. noticed that the victim had been crying. C.C. asked petitioner what he did to her and petitioner replied that they had only been talking. Both the victim and C.C. testified that while petitioner was watching television with M.C.-2 in the living room, the victim slipped into C.C.'s bedroom and asked him to quietly call the police. The police arrived approximately ten minutes later and arrested petitioner. The victim gave a statement to police in Spanish. C.C. translated the statement and wrote it down on M.C.-1's behalf.[3] The victim found the knife and cord, which petitioner had hidden, and gave them to the police. Although C.C. testified that he had never seen the knife or the cord before, the family's landlord testified that he had given the knife to petitioner and that petitioner had used it to butcher animals outside the family's home. Some of the victim's injuries were photographed immediately following the incident.

At petitioner's May of 2012 trial, the jury heard testimony regarding the events described above. The jury also heard from several witnesses who testified that the victim had bruising and red marks on her face and neck after the January 20, 2012, incident as well as a bloodied lip. The photographs of the victim's injuries were published to the jury and admitted into evidence. At the conclusion of the trial, the jury found petitioner guilty of first-degree sexual assault, domestic battery, and violation of a domestic violence protection order. Thereafter, the trial court denied petitioner's post-trial renewed motion for judgment of acquittal and motion for a new trial. By order entered February 21, 2013, petitioner was sentenced to not less than fifteen nor more than thirty-five years of incarceration for the count of first-degree sexual assault, one year of incarceration and a $250 fine for the domestic battery charge, and time served and a $500 fine for the violation of the domestic violence protection order. Because petitioner had been incarcerated

---

the underlying incident between petitioner and M.C.-1, C.C. was age sixteen and M.C.-2 was age twelve.

[3]Translation was necessary as the victim's native language is Spanish, and she does not speak English.

for the charges since January of 2012, the court ordered that he had served his sentences for the domestic battery charge and the violation of the domestic violence protection order. Petitioner was ordered to begin serving his sentence for the first-degree sexual assault conviction with no credit toward his sentence on that count.

In April of 2013, petitioner appealed his conviction and sentence to this Court. In May of 2014, this Court affirmed petitioner's conviction and sentence by memorandum decision. *See State v. Ruben C.,* No. 13-0341, 2014 WL 2404301 (W. Va. May 30, 2014)(memorandum decision) Petitioner then filed a petition for a writ of habeas corpus, with an accompanying *Losh*[4] list, in the circuit court. Petitioner raised several grounds in support of an ineffective assistance of counsel claim. On October 27, 2015, the habeas court entered an order denying the petition for a writ of habeas corpus. The court found that petitioner's counsel sufficiently argued throughout the trial, including during his opening statement and closing argument that the victim fabricated her story, which was the defense's primary theory. The habeas court also concluded that petitioner's trial counsel (1) effectively cross-examined the officers on the victim's injuries, and (2) made a strategic decision not to ask the victim whether her injuries were self-inflicted because her answer would likely not have advanced the defense's theory. The habeas court's decision was affirmed by this Court in *Ruben C. v. Ballard,* No. 15-1111, 2016 WL 6678989 (W. Va. Nov. 14, 2016)(memorandum decision).

Petitioner filed his second petition for post-conviction habeas corpus relief on July 19, 2017, in which he argued that the trial court abused its discretion in advising the victim of her Fifth Amendment right against self-incrimination while on the stand and in failing to grant her immunity.[5] Petitioner also argued that he received ineffective assistance of counsel. The habeas court denied the petition for a writ of habeas corpus on January 31, 2019. The court found that the issue of the trial court's handling of the victim's Fifth Amendment rights was previously finally adjudicated. It further determined that the issue of ineffective assistance of counsel was expressly waived by petitioner's failure to raise the issue during his first habeas proceeding. The court noted that Petitioner had also signed a *Losh* list expressly waiving allegations of constitutional error in the trial court's ruling on evidence and any prejudicial statements made by the trial judge. The habeas court also determined that petitioner was entitled to no relief on the merits of his allegations. Petitioner failed to state how the trial court erred in advising the victim of her Fifth Amendment rights or what alternative procedure the trial court could have taken. Petitioner also failed to state what trial counsel should have done differently. The habeas court found trial counsel's handling of the victim's testimony to be reasonable. It is from this order that petitioner now appeals.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions

---

[4]*Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

[5]Petitioner presented evidence suggesting the victim violated the law. Accordingly, the trial court advised the victim of her Fifth Amendment right against self-incrimination.

of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises two assignments of error. First, he contends that the habeas court erred in denying his second petition for a writ of habeas corpus without providing him an omnibus evidentiary hearing. Petitioner argues that he was denied the opportunity to expand upon his assertion that the trial court erred in advising the victim when to invoke her Fifth Amendment rights against self-incrimination during the trial. In the alternative, petitioner asserts the trial court could have appointed independent legal counsel to represent the victim. Petitioner also argues that the trial court should have granted the victim immunity. In that regard, he cites to *State v. Harvey,* 165 W. Va. 164, 267 S.E.2d 727 (1980), in which this Court held that, in some cases, it may be necessary to grant a witness immunity in order to preserve a defendant's Sixth Amendment right to subpoena witnesses and have them testify. He states that this Court found that a trial court has the discretion under West Virginia Code § 57-5-2[6] to determine if immunity should be granted to a particular witness.

We find petitioner's first assignment of error to be meritless. This is petitioner's second petition for a writ of habeas corpus. In his first petition, petitioner was afforded a full omnibus evidentiary hearing and raised several allegations of ineffective assistance of trial counsel. During those proceedings, petitioner signed a *Losh* list, expressly waiving all allegations except ineffective assistance of habeas counsel, newly discovered evidence, or a change in the law. Thus, petitioner waived all other claims of error.[7] As for petitioner's claim that he should have been granted an

---

[6]West Virginia Code § 57-5-2 states that

> In any criminal proceeding no person shall be excused from testifying or from producing documentary or other evidence upon the ground that such testimony or evidence may criminate or tend to criminate him if the court in which he is examined is of the opinion that the ends of justice may be promoted by compelling such testimony or evidence. And if, but for this section, the person would have been excused from so testifying or from producing such evidence, then if the person is so compelled to testify or produce other evidence and if such testimony or evidence is self-criminating, such self-criminating testimony or evidence shall not be used or receivable in evidence against him in any proceeding against him thereafter taking place other than a prosecution for perjury in the giving of such evidence, and the person so compelled to testify or furnish evidence shall not be prosecuted for the offense in regard to which he is so compelled to testify or furnish evidence, and he shall have complete legal immunity in regard thereto.

[7]In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), this court held that

> [a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following

4

omnibus hearing to expand upon his claims of ineffective assistance of trial counsel, it has been waived. Further, petitioner's original appellate counsel raised, on direct appeal, several issues concerning the victim's Fifth Amendment rights at trial. This Court reviewed the trial court's statements and the victim's testimony on appeal and found no error. Since this issue has previously been fully adjudicated, and in accordance with syllabus point 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we find that the habeas court did not err in denying petitioner an omnibus evidentiary hearing to expand upon these issues.[8]

In his second assignment of error, petitioner argues that he received ineffective assistance of counsel at his criminal trial. Specifically, petitioner contends that his trial counsel should have objected to the trial court's handling of the victim's Fifth Amendment rights during her testimony. He asserts that had trial counsel objected to the inappropriate comments made by the trial court in advising the victim of her Fifth Amendment rights, the outcome of the case would have probably been affected.

We reject petitioner's second assignment of error. As stated above, petitioner has waived all allegations except ineffective assistance habeas counsel, newly discovered evidence, or a change in the law. *See Losh* 166 W. Va. at 762, 277 S.E.2d at 608. Here, petitioner asserts that he received ineffective assistance of trial counsel. This issue is clearly barred by res judicata because petitioner failed to raise the issue in his first habeas corpus proceeding. Thus, it will not now be considered by this Court.

For the foregoing reasons, we affirm the habeas court's January 31, 2019, order.

Affirmed.

---

grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

(emphasis added.)

[8]In *Anstey*, this Court held that

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

*Id.* 237 W. Va. at 429, 787 S.E.2d at 882.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison